UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL T. HILL                                    CIVIL ACTION NO. 04-2156

versus                                             JUDGE WALTER

LARRY C. DEAN, ET AL                               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Michael T. Hill ("Plaintiff") filed this civil rights action against Bossier Parish Sheriff Larry Dean and two deputies. Plaintiff alleges that Defendants had an inadequate law library in the Bossier Parish penal facility where Plaintiff was housed. Before the court is a Motion for Summary Judgment (Doc. 32) filed by Defendants. Counsel for Defendants certify that they served a copy of the motion on Plaintiff at the last address Plaintiff provided the court, and the Clerk of Court issued a briefing notice to Plaintiff at that same address, but Plaintiff has not filed any timely opposition to the motion. It is recommended, for the reasons that follow, that the motion be granted and Plaintiff's complaint be dismissed.

**Access to the Courts**

Prisoners generally have a constitutional right of access to courts, but the right is not unlimited. Rather, it encompasses only "a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement." Lewis v. Casey, 116 S.Ct. 2174, 2182 (1996). The right of access "is ancillary to the underlying

claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 122 S.Ct. 2179, 2186 (2002).

**Relevant Facts**

Plaintiff was a Department of Corrections prisoner for five years. He was transferred in July 2004 from a state prison to a Bossier Parish jail. Plaintiff filed a kite communication in which he requested access to a "fully operational law library" because he was involved in litigation in several cases and was awaiting a commissioner's report in one of the cases. The warden responded that the request would be honored "as soon as there is some law material in the law library for you to use." Plaintiff then filed an inmate grievance to exhaust his administrative remedies as required by law. Plaintiff alleges that Bossier Parish officials did not respond, so he filed this civil action.

Plaintiff's original complaint did not identify the underlying claim on which he might base a claim for access to courts "injury," so the court ordered Plaintiff to file an Amended Complaint. Plaintiff did file an Amended Complaint. Doc. 11. He alleged that the Bossier facility's "law library" consisted of one computer with no access to online legal services or legal reference software. There was only one law book, Louisiana Criminal Law and Procedure 2001, which had been donated by an inmate.

Plaintiff alleged in his Amended Complaint that he lost a case in the 19th Judicial District Court because of the poor library. That case was Hill v. Louisiana Department of Corrections, Suit No. 523,302. Defendants have supported their Motion for Summary

Judgment with a copy of records from that litigation. The records show that the action was commenced as a petition for judicial review, pursuant to Louisiana statutory law, of a disciplinary ruling made by prison officials while Plaintiff was housed at Dixon Correctional Institute. Plaintiff alleged that he had been convicted based on a false allegation by a confidential informant that Plaintiff had "cursed out the horticulture instructor" at the prison. Plaintiff alleged that other prisoners gave statements that contradicted the informant. He complained that prison officials violated their own evidence rules in the hearing and wrongfully imposed three sanctions when the rules permitted only two.

A state court commissioner issued a screening report and recommended that the case be dismissed as "legally frivolous, without a basis in law or fact." Her reasoning was that the statutory scope of the court's review of the discipline that was imposed permits relief only if "substantial rights" of the prisoner were prejudiced because of the administrative decision. Plaintiff's sentence, as the commissioner described it, had been a custody status change from minimum to medium security and 10 days of isolation. The commissioner likened the "substantial right" requirement to the "atypical substantial hardship" standard of Sandin v. Conner, 115 S.Ct. 2293 (1995) and determined that the penalties imposed did not meet that standard.

The commissioner's report issued in October 2004, a few months after Plaintiff arrived at the Bossier Parish jail. Plaintiff, despite the alleged lack of legal materials in the jail, filed a traversal of the commissioner's report that cited the relevant statute, made factual

arguments, and pointed out that a third sanction of work assignment change from horticulture school to crew-one was imposed. The district judge nonetheless agreed with the commissioner and entered judgment dismissing the case.

Assuming the lack of law library at the Bossier Parish jail contributed to Plaintiff's loss in the state court litigation, and there is no basis to believe that is the case, there is no viable access to the courts claim based on these events because the underlying claim presented to the state court was frivolous. The commissioner acted consistent with Louisiana decisions in employing the Sandin standard to determine whether substantial rights had been violated. See Giles v. Cain, 762 So.2d 734, 737 (La. App. 1st Cir. 2000) (proper procedure was not followed in corroborating confidential informant evidence, but punishment to extended lockdown did not satisfy the Sandin test so did not permit relief on review of the disciplinary decision). See also Thompson v. Cain, 2007 WL 861027 (La. App. 1st Cir. 2007) (penalty of change of housing assignment did not affect a substantial right); Sias v. Rogers, 2007 WL 438782 (La. App. 1st Cir. 2007) (eight days of extra duty and loss of two-weeks yard and recreational privileges did not prejudice a substantial right); and Foster v. La. DPSC, 2006 WL 3813717 (La. App. 1st Cir. 2006) (eight days of extra duty did not affect a substantial right). The appellate court cited Sandin in each of those decisions when discussing the substantial right requirement.

Plaintiff's custody change from minimum to medium security, job change and 10-days isolation did not come close to triggering the substantial right requirement, as interpreted by

the Louisiana courts. Thus, the claim was frivolous and cannot give rise to an access claim. The underlying litigation also concerned matters of compliance with state administrative rules and did not assert a challenge to a conviction or an unconstitutional condition of confinement, providing yet another reason that the litigation cannot be the basis for an access to courts claim. Lewis, 116 S.Ct. at 2181-82 (right extends only to direct appeals from convictions, habeas petitions, or actions under 42 U.S.C. § 1983 to vindicate basic constitutional rights).

Plaintiff mentioned in his Amended Complaint some other litigation in which he was involved, but Defendants have not mentioned those cases in their motion. The court's review of Plaintiff's allegations regarding those cases shows, however, that they also fail to provide a basis for a claim. In one of the cases, Suit No. 487,565 filed in the 19th Judicial District Court, Plaintiff alleged he was held past his release date. He reported in the Amended Complaint that he was, at the time that pleading was filed, awaiting a ruling on monetary compensation. He complained that he was unable to research cases on that issue in the Bossier Parish facility, but he did not articulate any harm that resulted to his litigation efforts in that case because of the alleged inability to research. Furthermore, the change of address notices in the record of this case show that Plaintiff was transferred out of the Bossier Parish facility several months before he filed his Amended Complaint. There is nothing in the allegations related to Suit No. 487,565 to suggest that Plaintiff suffered a loss or any other actual harm because of his temporary inability to conduct legal research.

Plaintiff also refers to Suit No. 36021 that he filed in the 20th Judicial District Court. He alleges that the suit was filed against prison officials who willfully exposed Plaintiff to environmental hazards. Plaintiff reported in his Amended Complaint that the case was "in limbo" due to a dispute regarding his pauper status and the required filing fee. Once again, there is no suggestion that any lack of legal material at the Bossier Parish jail caused Plaintiff to lose the litigation or otherwise caused actual harm to his litigation effort that would amount to injury under Lewis.

Finally, Defendants report that they served discovery requests on Plaintiff on June 7, 2007. Defendants asked for general information about Plaintiff, his employment history, expected witnesses, and the like. Defendants reported, when they filed their Motion for Summary Judgment more than two months later, that Plaintiff had not served any responses. More than three months have now passed, and there is no suggestion that Plaintiff has served any responses to the discovery requests. That failure could justify dismissal or other sanctions, but the issue need not be explored further because dismissal with prejudice based on lack of merit is in order.

Accordingly;

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 32)** be **granted** and that Plaintiff's complaint and this civil action be **dismissed with prejudice**.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 12th day of October, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE